ORIGINAL
D&F
CIM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JABBAR COLLINS,

          Plaintiff,

  -against-

WILLIAM ETHERIDGE, individually, and as
Chief Clerk of the Brooklyn Criminal Court;
JONATHAN LIPPMAN, individually, and as
Chief Administrative Judge for the New York
City Office of Court Administration; and
JOHN DOES 1-4, individually, and as
Stenographers and Justices of the Brooklyn
Criminal Court,

          Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4138 (FB) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 22 2005 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
JABBAR COLLINS, *pro se*
#95A2646
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582-0010

*For the Defendants:*
ELIOT SPITZER, ESQ.
Attorney General of the State of New York
120 Broadway, 24th Floor
New York, NY 10271
By: LISA GHARTEY, ESQ.
Assistant Attorney General

**BLOCK, District Judge:**

        Plaintiff, Jabbar Collins ("Collins"), proceeding *pro se*, brings this § 1983 action and alleges that the defendants have violated his rights under the First, Fifth and Fourteenth Amendments by denying him access to docket sheets and other court records; he also brings a state-law claim alleging that the defendants have violated his common-law right of access to the same documents. The defendants move to dismiss the complaint. For the following reasons, the defendants' motion is granted in part and denied in part.

## I. BACKGROUND

Collins is a prisoner at Green Haven Correctional Facility. Defendant William Etheridge ("Etheridge") is the Clerk of the Kings County branch of the New York City Criminal Court ("Brooklyn Criminal Court"). Defendant Jonathan Lippman ("Lippman") is the Chief Administrative Judge for the New York City Office of Court Administration. Defendants John Does 1-2 ("Does 1-2") are unidentified court stenographers. Defendants John Does 3-4 ("Does 3-4") are unidentified justices of the Brooklyn Criminal Court.

Collins alleges that, on September 7, 2004, he requested that Etheridge provide him with copies of the docket sheet and certain documents filed in *People v. Angel Santos*, a case pending before the Brooklyn Criminal Court. He also asked Etheridge to direct Does 1-2 to provide him with copies of various transcripts in the case. Collins is not a party to *Santos* and his interest in the case is unclear.

The documents that Collins requested were not listed on the docket sheet or contained in the court file. Collins alleges that those documents were filed under seal and entered on a separate docket sheet that was also filed under seal. He further alleges that Etheridge sealed the documents and docket sheet "by administrative fiat," Compl. ¶ 47, and not pursuant to statutory authority or court order. In the alternative, Collins alleges that Does 3-4 ordered the documents and docket sheet sealed, but did so without adequate justification or prior notice.

Collins alleges that, on September 9, 2004, he wrote to Lippman to complain about the allegedly improper sealings. According to Collins, Lippman has not directed

2

Etheridge to disclose them.

Collins alleges that the defendants' actions violated his rights under the federal Constitution and New York common law. He seeks a declaratory judgment that all the documents he requested are "available for public inspection," Compl. at 20, and an injunction requiring Etheridge, Lippman and Does 1-2 to provide him with copies of the documents. He also seeks compensatory damages of $10,000 from Etheridge, Lippman and Does 1-2, and punitive damages of $30,000 from Etheridge and Lippman.

Collins has made similar claims in another case pending before the Court. *See Collins v. Lippman, et al.*, Case No. 04-CV-3215. Although that cases involves different defendants and a request for records in a different state-court case, the legal issues presented are identical.

## II. DISCUSSION

The defendants do not dispute that, under the First Amendment and New York common law, Collins has a qualified right of access to the type of documents he has requested. *See United States v. Gotti*, 322 F. Supp. 2d 230, 239 (E.D.N.Y. 2004) (citing *In re New York Times*, 828 F.2d 110 (2d Cir. 1987) (First Amendment), and *Nixon v. Warner Communications*, 435 U.S. 589 (1978) (common law)); *see also People v. Burton*, 597 N.Y.S.2d 488, 491 (3d Dep't 1993) ("New York recognizes such a common-law right of access"). Rather, they argue (1) that the Court lacks jurisdiction over Collins' claims, (2) that the defendants are immune from suit, and (3) that the complaint fails to state a claim.

### A. Jurisdictional and Immunity Issues

The Court has already addressed the jurisdictional and immunity issues in

Case No. 04-CV-3215. *See* Mem. & Order of Jun. 8, 2005. For the reasons stated in that Memorandum and Order, the Eleventh Amendment bars Collins' damages claims against Etheridge, Lippman and Does 1-2 in their official capacities; Collins' other claims are not barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine or the doctrines of judicial and quasi-judicial immunity.

## B. Failure to State a Claim

The defendants argue that the complaint fails to state a claim against any of them because it fails to allege their personal involvement in any constitutional violation; such involvement is "generally a prerequisite for liability under a § 1983 claim." *Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir. 1999); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (noting that "motions to dismiss would lie to permit each particular defendant to eliminate those [claims] as to which no set of facts has been identified that support a claim against [that defendant]"). As the Court explained in Case No. 04-CV-3215, the personal-involvement requirement is satisfied if the defendant "(1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation." *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (citing *Williams v. Smith*, 781 F.2d 319 (2d Cir. 1986)).

Lippman is a defendant in Case No. 04-CV-3215, and the Court restates its conclusion that the complaint adequately alleges his personal involvement. *See* Mem. & Order of Jun. 8, 2005, at 8-9. Since Etheridge, Does 1-2 and Does 3-4 were not defendants

4

in Case No. 04-CV-3215, the Court now considers the adequacy of the allegations against them.[1]

Collins alleges that Etheridge failed to honor Collins' request for copies of the docket sheet and other documents in *Santos* because he had sealed those documents by "administrative fiat." He alleges that Does 1-2 refused to provide copies of the transcripts he requested. He alleges that Does 3-4 issued orders sealing the docket sheets and other documents in *Santos* without prior notice or adequate justification. Thus, Collins alleges that each defendant directly participated in the alleged constitutional violation; therefore, he has satisfied the personal-involvement requirement.

### III. CONCLUSION

Insofar as Collins seeks damages from the defendants in their official capacities, the motion to dismiss is granted. In all other respects, the motion is denied.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
June 21, 2005

---

[1] As the defendants do not argue that the complaint is defective in any other respect, the Court limits its discussion to the issue of personal involvement.

5